UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kasey K.,[1]

                Plaintiff,

v.

Kilolo Kijakazi, *Acting Commissioner of the Social Security Administration*,

                Defendant.

Case No. 22-cv-2029 (WMW/DLM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the July 13, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko. (Dkt. 31.) The R&R recommends denying Plaintiff's motion for summary judgement and granting Defendant Kilolo Kijakazi's motion for summary judgment. Plaintiff filed timely objections to the R&R. (Dkt. 32.) For the reasons addressed below, the Court overrules Plaintiff's objections, adopts the R&R, denies Plaintiff's motion for summary judgment and grants Kijakazi's motion for summary judgment.

## BACKGROUND

On June 22, 2018, Plaintiff submitted applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). She alleged that she has been disabled since May 15, 2016. The Social Security Administration ("SSA") initially denied

---

[1] This District has adopted the policy of using the first name and last initial of any nongovernmental party in orders pertaining to Social Security matters.

Plaintiff's claims and her request for reconsideration. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on October 14, 2021. During the hearing, Plaintiff testified about her physical and mental impairments. Plaintiff's testimony focused on the residual effects of a subarachnoid (brain) hemorrhage that she experienced in November 2016. She identified debilitating headaches as the primary medical condition hindering her ability to work.

At the hearing, Plaintiff's attorney discussed several of Plaintiff's physical and mental impairments, emphasizing the significant impact of a subarachnoid hemorrhage that Plaintiff suffered in November 2016. According to Plaintiff's attorney, the most pronounced effect of the hemorrhage was debilitating headaches, which would be the primary impediment preventing Plaintiff from working. *Id*. The ALJ considered all of Plaintiff's impairments when determining Plaintiff's ability to work, finding a residual functional capacity ("RFC") that accounted for Plaintiff's mental impairments, including her difficulty in interacting with others and managing herself. The ALJ also took into account Plaintiff's limitations in remembering and applying information, as well as her limitations in concentrating and maintaining pace.

As to Plaintiff's mental limitations, the ALJ found mild impairments in Plaintiff's ability to interact with others and manage herself, and moderate impairments in her ability to remember and apply information, as well as her ability to concentrate and maintain pace. To address these mental impairments, the ALJ tailored an RFC that restricted Plaintiff's work to "sequential linear tasks." No limitations were imposed based on her mild mental impairments. Despite Plaintiff's physical and mental impairments, the ALJ concluded that

Plaintiff did not meet the criteria for receiving benefits. The ALJ determined that Plaintiff had the residual functional capacity to perform light exertional work, subject to specific physical and mental limitations.

The ALJ's decision was based on the vocational expert's testimony that there were suitable jobs in the national economy for someone with Plaintiff's limitations, including positions such as mail clerk, routing clerk, and garment sorter. Plaintiff's attorney did not cross-examine the vocational expert. Instead, Plaintiff's attorney directed the ALJ to the expert's earlier testimony regarding the impact of Plaintiff's headaches on her ability to work.

On November 16, 2021, the Commissioner sent Plaintiff a notice of an unfavorable decision. The ALJ recognized Plaintiff's severe impairments, including degenerative disc disease, inflammatory arthritis, subarachnoid hemorrhage (with associated migraines), and cognitive disorder not otherwise specified. The ALJ also identified impairments that were considered non-severe because of their limited impact on work-related functionality. These non-severe impairments included obesity, asthma, endometriosis, hypothyroidism, and a history of gastric bypass surgery.

On November 19, 2022, Plaintiff filed a motion for summary judgment as to Plaintiff's motion seeking review of administrative action. (Dkt. 17.) Kijakazi filed a motion for summary judgment on February 1, 2023. (Dkt. 26.) The Magistrate Judge issued an R&R on July 13, 2023, recommending granting Kijikazi's motion for summary judgment and denying Plaintiff's motion for summary judgment. On July 18, 2023, Plaintiff filed an Objection to the Report and Recommendation, objecting to the Magistrate

3

Judge's analysis of the ALJ's determination to impose no RFC limitations. Kijakazi opposes Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must specifically address the portions of the magistrate judge's report and recommendation to which objections are made and offer a basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008).

The Court reviews for clear error objections that restate arguments that were made to and considered by the magistrate judge for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). In doing so, the Court does not consider evidence that was not submitted to the magistrate judge for consideration. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666, 2017 WL 137257, at *2 (D. Minn. Apr. 13, 2017) (citing *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

In her objections to the Magistrate Judge's R&R, Plaintiff contends that there are legal errors that require the rejection of the decision. Plaintiff agrees with some aspects of the Magistrate Judge's findings and limits her objections to specific issues. Plaintiff's primary objection pertains to the Magistrate Judge's alleged acceptance of the ALJ's failure to consider mental limitations related to adapting and managing oneself in the RFC

4

analysis. Citing *Gann v. Colvin*, 92 F. Supp. 3d 857, 885 (N.D. Iowa 2015), and *Mark E. v. Kijakazi*, 2021 WL 6066260 (D. Minnesota, Dec. 7, 2021), Plaintiff contends that an RFC analysis is required to comprehensively consider mental limitations even if the mental limitation is categorized as non-severe.

Plaintiff argues that the both the ALJ and the Magistrate Judge erred in their analysis of her ability to adapt and manage herself. Plaintiff contends that the ALJ found that the Plaintiff had mild limitations in adapting and managing oneself. However, the RFC did not address these limitations, indicating an error in the ALJ's analysis, Plaintiff maintains. Plaintiff contends that the Magistrate Judge acknowledged that the ALJ's decision did not explicitly address whether Plaintiff's mild limitations in adapting and managing herself were considered in the RFC. And although the Magistrate Judge suggested the ALJ might have erred, Plaintiff argues, the Magistrate Judge nonetheless considered Plaintiff's daily activities and found evidence in the record indicating that Plaintiff had no limitation.

Plaintiff contends that the Magistrate Judge's analysis fails to consider competing facts in the record that demonstrate limitations in Plaintiff's ability to adapt and manage herself. Plaintiff points to her hospitalization due to a drug overdose, her absence from work due to headaches, an anxiety assessment, and a recommendation from the vocational expert for limited-responsibility work due to low stress tolerance. Plaintiff argues that the ALJ's failure to state whether these limitations were considered in determining the RFC constitutes error.

Plaintiff argues that the Magistrate Judge's reliance on those aspects of the ALJ's decision that support the absence of limitations while disregarding other aspects that imply

5

the existence of limitations is a *post hoc* rationalization. Plaintiff contends that the ALJ's failure to incorporate these limitations into the RFC or to provide reasons for not doing so warrants remand. For these reasons, Plaintiff requests that the Court reject the Magistrate Judge's R&R vacate the Commissioner's decision denying disability benefits, remand the case for further consideration. Plaintiff's argument is unavailing.

The ALJ was not required to impose RFC limitations solely based on the presence of mild mental limitations at step three. (Dkt. 31 at 8.) While the ALJ assesses mental impairments during steps two and three, the determination of RFC during step four requires a more comprehensive examination. (Dkt. 31.) *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (addressing the distinct purposes of each step and emphasizing the importance of reconciling findings rather than branding them as inconsistent.).

The Magistrate Judge determined that there exists no retroactive rationalization for the ALJ's ruling. The Magistrate Judge considered the ALJ's observations of Plaintiff's demonstrated ability to engage in various activities such as hygiene tasks, chores, hosting social events, driving, managing finances and medication, and even traveling out of state. (Dkt. 31 at 9.) Plaintiff's performance of these activities aligns with the ALJ's decision that imposing RFC limitations based on Plaintiff's mild limitations in adapting or managing herself is unwarranted.

Plaintiff's assertion that the ALJ failed to directly address her mild limitations in adapting or managing herself during the formulation of the RFC lacks merit. The Magistrate Judge acknowledged that, while it might have been preferable for the ALJ to explicitly address this aspect of Plaintiff's impairments in her ability to adapt or manage

6

herself, the Court found substantial evidence supporting the ALJ's determination. (*Id.*) The Magistrate Judge clarified that the ALJ was not bound to use specific phrases to support its conclusions, as the overall record adequately demonstrates the ALJ's comprehension of Plaintiff's mental impairments and the corresponding RFC limitations.

Plaintiff's argument aimed at substantiating additional mental RFC restrictions is unavailing. Such as assessment is beyond this Court's purview. *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022). The Court's role lies in reviewing the final agency determination, exercising deference, and taking into account evidence supporting the Commissioner's conclusion. *Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023).

This Court, therefore, concludes that evidence corroborates the findings of both the ALJ and the Magistrate Judge that Plaintiff's limitations in adapting or managing herself did not warrant RFC limitations.

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's objections to the July 13, 2023 R&R, (Dkt. 32), are **OVERRULED**;

2. The July 13, 2023 Report and Recommendation, (Dkt. 31), is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment, (Dkt. 17), is **DENIED**;

4. Defendant Kilolo Kijakazi's Motion for Summary Judgment, (Dkt. 26), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 29, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge